IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. STEPHANIE HILL, Defendant. | 8:16CR68 MEMORANDUM AND ORDER |

This matter is before the Court on defendant Stephanie Hill's ("Hill") Motion for Compassionate Release (Filing No. 107) pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Hill argues that her undiagnosed respiratory health conditions make her particularly susceptible to severe illness or death if she contracts COVID-19 again. For the reasons stated below, the motion will be denied.

Hill pleaded guilty to conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. The Presentence Investigation Report ("PSR") designated Hill a career offender under United States Sentencing Guidelines ("U.S.S.G." or "guidelines") § 4B1.1(b)(2) based on two prior convictions for controlled substance offenses. Hill's prior criminal conduct resulted in the assessment of ten criminal history points which, when combined with her designation as a career offender, resulted in a criminal history category of VI. The PSR noted that Hill's range of imprisonment under the guidelines was 188 to 235 months. Hill moved for downward departure as a minimal participant in the offense charged (Filing No. 93). The Court granted the Motion and sentenced Hill to ninety-six months with four years of supervised release (Filing No. 98).

As amended by the First Step Act, § 3582(c)(1)(A)(i) permits Hill to move for a sentence reduction after she "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion on [her] behalf or the lapse of 30 days from the receipt of such a request by the warden of [her] facility, whichever is earlier."

Hill submitted a request for compassionate release to the warden at her facility on May 5, 2021. Her request was denied on May 10, 2021. Since more than thirty days have passed, the Court turns to whether Hill has demonstrated extraordinary and compelling reasons for compassionate release under the circumstances of this case.

In deciding whether to grant a reduction, the Court must consider the relevant factors set out in 18 U.S.C. § 3553(a), including the nature and circumstances of the offenses of conviction; the defendant's history and characteristics; and the need for the sentence to reflect the seriousness of the crime, to promote respect for the law, and to provide just punishment for the offense. A defendant's sentence should also deter criminal conduct, protect the public from future crime by the defendant, and promote rehabilitation. *Id*.

The Court also considers whether the defendant presents "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)," U.S.S.G. § 1B1.13(2), and must ensure any relief is "consistent with applicable policy statements issued by the [United States] Sentencing Commission," 18 U.S.C. § 3582(c)(1)(A). The first application note to § 1B1.13[1] lists four general categories of qualifying circumstances: (1) the defendant's terminal illness or other serious medical condition; (2) the defendant's advanced age and deteriorating health; (3) dire family circumstances; and (4) other "extraordinary and compelling" reasons as determined by the BOP Director. U.S.S.G. § 1B1.13 cmt. n.1. The defendant's rehabilitation may be relevant but "is not, by itself, an extraordinary and compelling reason for purposes of [§ 1B1.13]." *Id.* § 1B1.13 cmt. n.3; *see also United States v. Saldana*, No. 19-7057, 2020 WL 1486892, at *3 (10th Cir. Mar. 26, 2020); 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.").

---

[1]This policy statement predates the First Step Act and does not govern the Court's review of Hill's request. The Court nonetheless finds it helpful in deciding whether to reduce her sentence. *See United States v. Jenkins*, No. 4:15-CR-3079, 2020 WL 2814437, at *3 (D. Neb. May 26, 2020).

Having carefully reviewed the record in this case with these factors in mind, the Court finds Hill has not presented extraordinary or compelling reasons for release. Hill's Motion is based purely on allegations that her undiagnosed medical conditions place her at greater risk of severe illness if she contracts COVID-19. Hill speculates that she has "heavy cough" or asthma because of her many years of heavy smoking. While the Court is sympathetic to Hill, these self-diagnosed conditions are insufficient to demonstrate extraordinary or compelling circumstances for release.

Even if Hill does suffer from a serious respiratory condition, she indicates that she has successfully recovered from COVID-19. Several courts have declined to grant compassionate release based on fears about reinfection. *See, e.g., United States v. Anguiano*, No. CR 17-135, 2021 WL 1577650, at *4 (D. Minn. Apr. 22, 2021), aff'd, No. 21-2104, 2021 WL 5365216 (8th Cir. May 19, 2021); *United States v. Billings*, No. 19-cr-99, 2020 WL 4705285, at *5 (D. Colo. Aug. 13, 2020). Moreover, her successful recovery suggests the BOP is able to meet her medical needs and provide adequate care if she were reinfected.

Further, even if Hill is at greater risk of severe illness, this risk could have been mitigated if she accepted her opportunity to receive the COVID vaccine. According to the Centers for Disease Control, "even as the vaccine's ability to prevent infection decreases with time, COVID-19 vaccination continues to reduce the risk of hospitalization and death when people become infected with COVID-19." CDC, COVID-19, Benefits of Getting a COVID-19 Vaccine, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/vaccine-benefits.html (last visited Jan. 21, 2022). Hill declined the opportunity to reduce her risk of severe illness by choosing not to receive the vaccine. As a result, Hill cannot now assert that extraordinary and compelling circumstances warrant her release.[2]

---

[2]Several courts in this circuit have concluded that refusal to receive the vaccine weighs against compassionate release. *See, e.g., Anguiano*, No. CR 17-135, 2021 WL 1577650, at *4; *see also United States v. McBride*, No. 519CR07, 2021 WL 354129, at *3 (W.D.N.C. Feb. 2, 2021) (denying defendant with type 2 diabetes compassionate release

Finally, even if Hill's medical conditions were extraordinary and compelling under the circumstances, her motion must be denied based on the § 3553(a) factors. Hill has a significant criminal history and was designated as a career offender. She was also already granted a significant downward departure when her original sentence was imposed. Hill's release under the circumstances may undermine the need to provide for just punishment and the need to provide for deterrence. The Court concludes that the relevant § 3553(a) factors and surrounding circumstances weigh against release.

Accordingly, Hill's Motion for Compassionate Release (Filing No. 107) pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), is denied.

IT IS SO ORDERED.

Dated this 25th day of January 2022.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge

---

where "[d]efendant's refusal to take preventative measures undermines his assertion that extraordinary and compelling reasons exist to warrant his release from prison"); *United States v. Gonzalez Zambrano*, No. 18-CR-2002, 2021 WL 248592, at *5 (N.D. Iowa Jan. 25, 2021) ("Although defendant has a right to refuse medical treatment, the Court finds that it would be inappropriate to reward her refusal to protect herself by granting her release. It would be paradoxical to endorse a system whereby a defendant could manufacture extraordinary and compelling circumstances for compassionate release by unreasonably refusing the health care afforded to them.").